UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN NG-VECCHI, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:00CV2005 (AHN) |
| | : | |
| V. | : | |
| | : | |
| JOHN W. SNOW, SECRETARY OF THE TREASURY in his official capacity, | : : : | |
| | : | |
| Defendant. | : | DECEMBER 22, 2003 |

STIPULATION FOR COMPROMISE SETTLEMENT

It is hereby stipulated by and between the Plaintiff, Susan Ng-Vecchi ("PLAINTIFF"), acting on behalf of herself and her husband John Vecchi, and the Defendant, John W. Snow, Secretary of the Treasury, by and through their respective attorneys, that the parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein:

I.   RECITALS

WHEREAS, PLAINTIFF brought a civil action against DEFENDANT in the United States District Court for the District of Connecticut asserting, *inter alia*, a claim of harassment, discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as more fully described in the above-captioned civil action;

WHEREAS, in recognition of the uncertainty inherent in litigation and the costs thereof, PLAINTIFF and DEFENDANT ("PARTIES") desire to resolve this litigation and all disputes between them on terms that are mutually agreeable.

## II.    AGREEMENT

NOW THEREFORE, in consideration of the foregoing and the mutual covenants contained herein, the PARTIES hereto hereby agree as follows:

(1)     In full satisfaction of any and all claims PLAINTIFF may now have, or have had, against the DEFENDANT, up to and including the date of the execution of this stipulation,  DEFENDANT agrees to pay the PLAINTIFF the sum of SEVENTY THOUSAND DOLLARS ($70,000.00), which includes all attorney's fees and costs (hereinafter "Settlement Amount").

(2)     PLAINTIFF agrees to accept the Settlement Amount described in Paragraph (1) above in full satisfaction of any and all claims made in this action, including any claims for compensatory damages and/or emotional distress, and attorneys fees.

(3)     As soon as it is practicable after the execution of this Stipulation for Compromise Settlement, the DEFENDANT will pay the Settlement Amount by making the following disbursement:

> (A) to "SUSAN NG-VECCHI AND JOHN R. WILLIAMS, TRUSTEE", a check in the amount of $70,000.00, which represents the settlement proceeds. PLAINTIFF'S counsel agrees to disburse these settlement proceeds to the PLAINTIFF.

The PARTIES recognize that the payment referred to herein shall be reported to the IRS on a Form 1099-MISC.

(4)     <u>Release of Liability.</u>  In return for the considerations included in this Stipulation, PLAINTIFF hereby forever waives and releases DEFENDANT in this action and any other pending actions or complaints in any forum, and/or any employees of the foregoing (including officers, directors, employees, agents or affiliates), past or present, in their official or individual capacities, from any and all claims, issues, complaints, actions or appeals of any kind, including, but not limited to claims for attorneys fees and/or costs which she presently has, or which she might have against them, up to and including the date of the execution of this stipulation.  This includes, but is not limited to any pending agency, EEO, or MSPB claims or any complaints or grievances filed, including those filed pursuant to any applicable collective bargaining agreement.

(5)     <u>Tax Implications.</u>  The PARTIES hereto recognize that the determination of the tax consequences of the payment made pursuant to this Stipulation on PLAINTIFF and/or her attorney may be made by the Internal Revenue Service, which is not bound by the terms of this Stipulation.

(6)     <u>No Admission of Liability.</u>  The settlement of this action shall in no way be deemed an admission of liability on behalf of the DEFENDANT, the United States of America, and/or any of their agencies, agents, officers or employees, nor shall it constitute an admission by either party hereto of any liability, misconduct, or any violation of any policies, procedures, or state or federal laws or regulations.  Moreover, this stipulation shall not be construed to be, nor shall it be admissible, in any proceeding as evidence of an admission by either party hereto of a violation of any policies, procedures, or state, local or federal law or regulations, nor shall it constitute evidence of an admission by either party hereto as to any issue of law or fact raised by

this matter.  This Stipulation for Compromise Settlement may be introduced, however, in a proceeding to enforce the agreed-upon terms of this settlement.

(7)     <u>Effective Date.</u>  This stipulation shall become effective when signed by all of the individuals listed below.

(8)     <u>Entire Agreement.</u>  The stipulation constitutes the entire agreement and understanding of the parties hereto and may not be modified orally.

(9)     <u>Third Parties.</u>  No person or entity not a party hereto shall acquire any rights or benefits pursuant to or on account of this stipulation, either directly or indirectly, as a third party beneficiary or otherwise.

(10)    <u>Attorney's Fees And Costs Including Litigation Expenses.</u>  The PARTIES hereto agree that each party hereto shall cover its own attorney's fees, to the extent applicable, and costs, including litigation expenses, and waive all claims for such fees, costs and expenses, whenever incurred.  Neither party hereto shall be responsible for payment of the attorneys' fees, costs and expenses of the other party in relation to this action and/or any related administrative proceedings of any kind.

(11) <u>Stipulation of Dismissal.</u>  In consideration of the payment of the cash sum described herein, PLAINTIFF agrees to execute and file with the court a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(ii), dismissing all claims against DEFENDANT in this action with prejudice.

_____          _____
SUSAN NG-VECCHI                                                          DATE
PLAINTIFF


_____          _____
JOHN R. WILLIAMS, ESQ.                                                DATE
51 ELM STREET, SUITE 409
NEW HAVEN, CT 06510
COUNSEL FOR THE PLAINTIFF


KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


_____          _____
WILLIAM M. BROWN, JR.                                                DATE
ASSISTANT U.S. ATTORNEY
COUNSEL FOR DEFENDANT
JOHN W. SNOW,
SECRETARY OF THE TREASURY